United States District Court
Southern District of Texas
**ENTERED**
November 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cadence Bank, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:23-cv-02959 |
| Bank of America, N.A., Mesa LLC, and John Doe Defendants, | § § § § | |
| *Defendants.* | § § | |

# COMBINED ORDER AND MEMORANDUM & RECOMMENDATION ON PENDING MOTIONS

This case involves an allegedly fraudulent wire transfer of $547,800, sent from an account of a customer at Plaintiff Cadence Bank, to an account at Defendant Bank of America, N.A. *See* Dkt. 1-5 ¶ 8. Shortly thereafter, unknown defendants transferred $339,915 out of the Bank of America account on an unspecified date. *See id.* ¶ 9.

On November 3, 2023, the Court convened a hearing to set the scheduling order for this case. *See* Dkt. 25. At the hearing, the parties addressed Bank of America's pending motion to dismiss (Dkt. 4) and its motion to stay discovery pending resolution of the motion to dismiss (Dkt. 21). Because the Court grants Cadence leave to amend, Bank of America's motion

to dismiss should be denied as moot. The Court further grants in part and denies in part Bank of America's motion for stay of discovery.

As addressed at the hearing, Bank of America's motion to dismiss includes a threshold, facial challenge to Cadence's standing to sue. *See* Dkt. 4 at 3; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) ("Lack of subject-matter jurisdiction may be found in the complaint alone ....") (internal quotation marks omitted). Because standing implicates the Court's subject matter jurisdiction, it is properly classified as a request for dismissal under Rule 12(b)(1), not 12(b)(6). *See Saenz v. U.S. Bank, N.A.*, 2022 WL 605572, at *3 (S.D. Tex. Mar. 1, 2022) ("[C]hallenges to standing are evaluated as Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.").

The Court agrees with Bank of America that Cadence's live pleading, which was filed in state court prior to removal to this Court, fails to articulate how Cadence itself—as opposed its customer—has sustained a cognizable injury. *See* Dkt. 1-5 at 1-9. On the other hand, Cadence's response to the motion to dismiss asserts that its customer has hired an attorney and threatened to sue Cadence over the missing funds. *See* Dkt. 13 at 9. Those allegations, if properly detailed and raised, and assuming that the threats of suit are sufficiently imminent and concrete, could conceivably satisfy Article III's standing and ripeness requirements. *See, e.g., Shields v. Norton*, 289 F.3d

382, 836 (5th Cir. 2002) ("The threat of litigation can establish a justiciable controversy if it is specific and concrete."); *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir. 2000) ("[T]he ripeness inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention.").

Because Cadence filed its live pleading in state court, and given the early posture of this case, the Court concludes that Cadence should be granted an opportunity to amend its pleading to address the missing standing and ripeness requirements. *See, e.g.*, *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991) ("While a court must dismiss a case over which it has no jurisdiction whenever a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given."); *Marion v. Principal Life Ins. Co.*, 2023 WL 5761287, at *3 (S.D. Tex. Sept. 9, 2023) (granting request for leave to amend defective standing allegations). It is premature for the Court to evaluate the adequacy of those yet-unpleaded allegations at this time.

Given the serious questions raised by Bank of America regarding jurisdiction, however, the Court finds good cause for granting a stay of discovery—but only in part. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Brown*, 833 F.2d 581, 583 (5th Cir. 1987). In this case, many of Cadence's discovery requests are broad and extensive,

3

seeking to explore Bank of America's policies and procedures. Those requests are premature, in light of the unresolved legal challenges to jurisdiction. *Cf. Barrier v. Nueces Cnty. Dist. Att. Office*, 2017 WL 11713691, at *2 (S.D. Tex. Nov. 13, 2017) (analogous factors warranted a stay of discovery).

Nonetheless, Cadence has demonstrated an urgent need for basic information about the fraudulent wire transfer and the disposition of the funds. *See* Dkt. 26 at 9-10. Further lapse of time could deprive Cadence of that opportunity to locate the funds. *See, e.g.*, *id.* at *2 (emphasizing plaintiff's failure to assert that a stay of discovery would prejudice her interests as a justification for issuing a stay). Balancing these competing considerations, and after reviewing Cadence's discovery requests, *see* Dkt. 21-1, 21-2, 21-3, the Court exercises its discretion to stay discovery <u>except</u> with respect to Requests for Production Nos. 3, 7, 8, 15, 16, 17, 20, 30, and 32, as listed in Dkt. 21-3.

## Order and Recommendation

For the foregoing reasons, it is **ORDERED** that Plaintiff Cadence Bank be granted leave to file an amended pleading **no later than November 17, 2023**. It is therefore **RECOMMENDED** that Defendant Bank of America, N.A.'s motion to dismiss the original pleading (Dkt. 4) be **DENIED AS MOOT**. This denial is without prejudice to Bank of America's right to file a renewed motion to dismiss Cadence's amended pleading, once filed.

It is further **ORDERED** that Bank of America's motion to stay discovery

(Dkt. 21) be **GRANTED IN PART** and **DENIED IN PART**. The Court **STAYS** discovery **EXCEPT** for Bank of America's responses to Cadence's Requests for Production No. 3, 7, 8, 15, 16, 17, 20, 30, and 32 (as listed on Dkt. 21-3 at 5-6, 9-10, 11-12).

Signed on November 3, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge